STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-04-55
DHM- KEN- 12/23/2004

PJM BUILDERS, INC.,

     Plaintiff

v.

MAINE-WIDE CONSTRUCTION,
INC.,

     Defendant

**DECISION AND ORDER**

SMALL MATTERS
COURT

DEC 30 2004

This matter is before the court on appeal of the judgment of the Small Claims

Court. The appeal is brought by the plaintiff. Plaintiff filed a statement of claim with

the Small Claims Court seeking payment under a subcontract in an amount in excess of

the amount paid. After hearing, the court granted judgment to the defendant. As part

of its judgment, the court made the following note:

> Plaintiff signed a contract agreeing to a piecemeal price but did not
> determine the amount he would receive until after the job was completed.
> The piecemeal rate was less than the cost plaintiff incurred to finish the
> job in a workmanlike manner. Plaintiff is bound by the contract which
> refers to the fixed price in defendant's exhibit no. 4.

The following exhibits were submitted on behalf of the plaintff's:

Plaintiff's No. 1 – Subcontractor Agreement and Requirements dated December
17, 2003, with related papers.

Plaintiff's No. 2 – Invoice for Rodrique job and estimate for Cape Elizabeth
project.

Plaintiff's No. 3 – Breakdown of employees and hours.

Plaintiff's No. 4 – Breakdown of labor and materials.

Plaintiff's No. 5 -- Letter of Mr. Cormier to plaintiff's counsel.

Defendant submitted the following exhibits:

Defendant's No. 1 – Invoice for Palmyra project.

Defendant's No. 2 – Check of defendant to plaintiff in the amount of $4,000 for subcontract.

Defendant's No. 3 – Fax of plaintiff to defendant.

Defendant's No. 4 – Maine-Wide Construction Subcontractor Field Cost booklet 2004.

Defendant's No. 5 – Special instructions and working papers on Palmyra job.

Appellant makes seven arguments in their appeal. First, it alleges that the Small Claims Court did not properly examine the evidence. Second, it asserts that the contract was a violation of Maine's Construction Contract Act. Third, it claims that the defendant withheld material information regarding the prices. Fourth, upon complaints that the Judge was in error by referring to the pricing book, it alleges that because it was dated January 2004, it was prepared after the work was completed. The plaintiff further complains that it did not receive a copy of the 2003 book prior to completing the work. Fifth, it complains that the Small Claims Judge contradicted herself. Sixth, appellant alleges that the Judge referred to the contract as being a defendant's exhibit when, in fact, it was a plaintiff's exhibit. Last, "any reading of the evidence clearly does not support a judgment in favor of the defendant."

Under the provisions of M.R.S.C. P. 11(d)(1), an appeal by a plaintiff for small claims judgment in Superior Court shall be on questions of law only and shall be determined by the Superior Court without jury on the record. Inasmuch as there was no transcript prepared of the proceeding, the appellant prepared and filed with the court a statement in lieu of transcript.[1] With regard to plaintiff's complaint of the Judge's interpretation of the evidence, it is clear that this court has no authority to second-guess the District Court on findings of fact nor matters of small claims

---

[1] Appellant cites as authority M.R. Civ. P. 76H. The court finds no such authority in that rule.

evaluation evidence. The only issue is whether there is sufficient evidence to sustain the judgment.

The issue of the Maine Construction Contract Act apparently was not raised at the District Court and, therefore, is not properly before this court.

Appellant's third argument relates to the evidence submitted to the court. Inasmuch as the plaintiff had the burden, it was its responsibility to provide such evidence as it deemed relevant in order to meet its burden of proof.

The court is somewhat troubled by the fact that the exhibits upon which plaintiff relies on the basis for pricing was the 2004 edition while the contract was entered into contemplating the use of the 2003 edition. While the record does not indicate such, it was the argument of counsel that the representative of the defendant testified that the changes between the annual field costs pamphlets was minor between 2003 and 2004 and none which affected this contract, the appellant's main argument is that they did not receive a copy of the book. The court notes that the Small Claims Court specifically found that the plaintiff was bound by the contract making reference to a fixed price and, therefore, it satisfied itself that defendant's exhibit 4 established the nature of the contract and its terms.

Whether an exhibit derives from the plaintiff's submission or the defendant's submission is irrelevant inasmuch as the court is obligated to take its facts from whatever source. There is no evidence before this court to suggest that the Small Claims Court did not have sufficient evidence before it in order to establish a conclusion as to the nature of the contract, the performance under the contract and the failure of the plaintiff to meet its burden of proof.

The entry will be:

Judgment of the Small Claims Court of the District Court of Augusta Docket No. 2004-108, PJM Builders, Inc. v. Maine-Wide Construction, Inc. dated July 12, 2004, is AFFIRMED.

Dated: December____23____, 2004

Donald H. Marden
Justice, Superior Court

Date Filed ___8/20/04___ ___Kennebec___ Docket No. ___AP04-55___

County

Action ___Small Claims Appeal   AUGDC 04-108___

# J. MARDEN

PJM Builders Inc.
403 Quaker Ridge Rd.
Greene, ME  04236

Maine Wide Construction

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| PJM Builders         Pro Se<br>Paula Michaud<br>~~403 Quaker Ridge Road~~<br>~~Greene, Maine   04236~~<br>582 Main Street<br>Lewiston, Maine   04240 | Daniel Dubord, Esq.<br>222 Main Street<br>Waterville ME   04901 |

| Date of Entry | |
|---|---|
| 8/20/04 | Small Claims Appeal from Augusta District Court, filed.  Entire case file received. |
| 8/23/04 | Notice to Parties of Small Claims Appeal issued to counsel of record. |
| 8/26/04 | Letter from Atty. Dubord regarding small claims, filed. s/Dubord, Esq. |
| | Petitioner's Response, filed. s/Michaud, Pro Se<br>(Statement in Lieu of Transcript) |
| 10/1/04 | Petitioner's Brief, filed. s/Paula Michaud, Pro Se |
| 10/18/04 | Response Brief of Appellee, Maine-Wide Construction, filed.  s/D. Dubord, |
| 12/21/04 | Hearing held with Hon. Justice Donald Marden, presiding. Peggy Stockford,<br>Paula Michaud, Pro Se Plaintiff and Daniel Dubord, Esq. for Defendant.<br>Oral arguments made to the court. Court to take matter <u>undervisement</u>. Cou<br>to issue Order. |
| 12/23/04 | DECISION AND ORDER, Marden, J.<br>Judgment of the Small Claims Court of the District Court of Augusta Docke<br>No. 2004-108, PJM Builders, Inc. vs Maine-Wide Construction, Inc. dated<br>July 12, 2004, is AFFIRMED.<br>Copies mailed to parties. |
| | Copies mailed to Deborah Firestone, Garbrecht Law Library and Donald Goss |